UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEVIN R. BURKE,
    *Plaintiff*,

v.

VISION GOVERNMENT SOLUTIONS,
INC., TOWN OF FAIRFIELD, DONALD
ROSS, JUNE PERRY, MARY KATE
MOODY, and ANNA M. DLUGOSZ,
    *Defendants*.

No. 3:17-cv-1955 (VAB)

**RULING AND ORDER ON MOTIONS TO DISMISS FOR FAILURE TO TIMELY
SERVE DEFENDANTS AND MOTIONS TO EXTEND TIME, *NUNC PRO TUNC*,
TO EFFECT SERVICE**

On November 20, 2017, Kevin R. Burke ("Plaintiff") sued Vision Government Solutions, Inc., June Perry, and Mary Kate Moody (the "Vision Defendants"), the Town of Fairfield and Tax Assessor Donald Ross (the "Town Defendants"), and Anna Dlugosz, alleging federal civil rights violations and state law claims. Complaint, dated Nov. 20, 2018 ("Compl."), ECF No. 1.

The Vision Defendants and Ms. Dlugosz move to dismiss the Complaint against them for failure to effect timely service. *See* Motion to Dismiss, dated Apr. 20, 2018 ("Vision Defs.' Mot."), ECF No. 15; Motion to Dismiss, dated Apr. 24, 2018 ("Dlugosz Mot."), ECF No. 18.

Mr. Burke opposes both motions and moves instead for extensions of time to serve the Complaint, *nunc pro tunc*, as to the Vision Defendants and Ms. Dlugosz. Memorandum in Opposition to Vision Defs.' Mot. and/or Motion for Extension of Time, *Nunc Pro Tunc*, to Effect Service, dated June 11, 2018 ("Pl.'s Opp. to Vision Defs.' Mot."), ECF No. 26; Memorandum in Opposition to Dlugosz Mot. and/or Motion for Extension of Time, *Nunc Pro Tunc*, to Effect Service, dated June 11, 2018 ("Pl.'s Opp. to Dlugosz Mot."), ECF No. 27.

For the reasons set forth below, Defendants' motions to dismiss for untimely service are **DENIED**, and Mr. Burke's motions are **GRANTED**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

   A.     Factual Allegations

On July 2, 2014, the town of Fairfield, Connecticut contracted with Defendant Vision Government Solutions, Inc. ("Vision"), a Massachusetts corporation, to assist the town's tax assessor, Donald Ross, in undertaking a revaluation of real property located within the corporate limits of Fairfield for the Grand List of October 1, 2015. Compl. ¶¶ 5, 8. During the first phase of the revaluation, "Data Collectors" or "Listers" visited each property to physically inspect the interior and measure the exterior of each building. *Id.* ¶ 27.

Mr. Burke, a Fairfield resident, owns the house located at 2425 Merwins Lane in Fairfield. *Id.* ¶ 4. The house is allegedly set off three hundred feet from the street in an isolated, wooded conservation zone not visible to any neighbors. *Id.* ¶ 35.

On November 10, 2014, Mr. Burke alleges that he was cleaning his handgun in his basement ahead of a trip to the shooting range. *Id.* ¶ 36. As he ascended the stairs to his kitchen, Mr. Burke allegedly saw a man looking through his kitchen window. *Id.* Mr. Burke alleges that he went outside and asked the man for identification and his reason for being on the property. *Id.* ¶ 37. Mr. Burke also claims he noticed a woman standing near the man. *Id.* ¶ 40.

The pair allegedly identified themselves as Aaron Goldberg and Anna M. Dlugosz, informed Mr. Burke that they were employed by Vision as Listers, and presented him with their credentials. *Id.* ¶ 39. Mr. Burke alleges that he then asked them to leave his property. *Id.* Mr. Burke alleges that his handgun was visible in his holster, and that he did not remove his handgun from the holster. *Id.* ¶ 41.

Mr. Burke alleges that Mr. Goldberg and Ms. Dlugosz subsequently reported to Mr. Ross that Mr. Burke came outside of his home with a gun. *Id.* ¶¶ 30, 42.

On November 19, 2014, Mr. Ross allegedly directed Mr. Goldberg and Ms. Dlugosz to file police reports about the encounter—even though an officer from the Fairfield Police Department allegedly told Mr. Ross that Mr. Burke was within his rights and that the police would not take any action were such a report filed. *Id.* ¶¶ 44, 44(a)–(d). In making their reports, Mr. Goldberg and Ms. Dlugosz allegedly stated that Mr. Burke had pointed a handgun at them. *Id.* ¶¶ 46, 48. When a Fairfield police officer called Mr. Burke about the report, Mr. Burke allegedly stated that he had not removed his gun from its holster during the encounter. *Id.* ¶ 51.

Mr. Ross also allegedly used the Appraisal Vision Computer Assisted Mass Appraisal (CAMA) system to record a notation in a Visit History for Mr. Burke's address: "No Callback Record: Owner Came Out With Gun Pointed At Data Collectors Police Report Filed." *Id.* ¶ 57. Mr. Burke claims he was never informed of this notation, nor was he provided an opportunity to rebut it. *Id.* ¶ 60.

In 2016, Ms. Dlugosz sued Mr. Burke in state court, alleging intentional infliction of emotional distress. *Id.* ¶¶ 52–53; s*ee also* Complaint, *Dlugosz v. Burke*, No. CV16-6015991-S (Conn. Super. Ct. Jul. 15, 2016). Mr. Burke also sued Mr. Goldberg in a separate state court case alleging trespass to land. Pl.'s Opp. to Vision Defs.' Mot. at 2; *see also* Complaint, *Burke v. Goldberg*, CV16-6061060 (Conn. Super. Ct. Nov. 16, 2016).

### B. Procedural History

On November 20, 2017, Mr. Burke sued the Vision Defendants, the Town Defendants, and Ms. Dlugosz in this Court, alleging both federal civil rights and state law claims. Compl.

3

That same day, Mr. Burke requested that the Clerk of the Court issue summons as to all Defendants. *See* Request for Clerk to Issue Summons, dated Nov. 20, 2017. No summons, however, were issued by the Clerk at that time.

Nearly three months later, Mr. Burke made a second request for summons to be issued. Request for Clerk to Issue Summons, dated Feb. 16, 2018. On February 20, 2018, the Clerk issued electronic summons as to all Defendants. *See* Electronic Summons, dated Feb. 20, 2018, ECF No. 6.

On March 30, 2018, Mr. Burke effected service on the Vision Defendant. *See* Summons Returned Executed, dated Apr. 18, 2018, ECF No. 7. On April 3, 2018, Mr. Burke effected service on Ms. Dlugosz, the Town of Fairfield, and Mr. Ross. *Id.*

On April 20, 2018, the Vision Defendants moved to dismiss Kevin Burke's Complaint against them for failure to effectuate timely service. Vision Defs.' Mot. On April 24, 2018, Ms. Dlugosz moved to dismiss the Complaint as to her for failure to effectuate timely service. Dlugosz Mot. Both the Vision Defendants and Ms. Dlugosz argue that Mr. Burke's Complaint should be dismissed for failure to effectuate service within the ninety-day period proscribed by Federal Rule of Civil Procedure 4(m). *See* FED. R. CIV. P. 4(m). The Vision Defendants and Ms. Dlugosz were served forty and forty-four days after the ninety-day period for service, respectively. *See* Memorandum of Law in Support of Vision Defs.' Mot., dated Apr. 24, 2018, ECF No. 15-1, at 2; Memorandum of Law in Support of Vision Defs.' Mot., ECF No. 18-1, at 4.

On June 11, 2018, Mr. Burke filed briefs opposing both motions and moved instead for extensions of time to serve, *nunc pro tunc*, to March 3, 2018 and April 3, 2018, which would encompass service for the Vision Defendants and Ms. Dlugosz, respectively. *See* Pl.'s Opp. to

Vision Defs.' Mot. at 1; Pl.'s Opp. to Dlugosz Mot. at 1. Neither the Vision Defendants nor Ms. Dlugosz filed a reply to Plaintiff's briefs or a formal opposition to Plaintiff's motions.

On May 31, 2018, the Town of Fairfield and Mr. Ross (the "Town Defendants") moved to dismiss certain federal law claims in Counts One and Two asserted against them for failure to state a claim, and for the Court to decline to exercise supplemental jurisdiction over Mr. Burke's state law claims in Counts One, Three, and Four. Town Defs.' Motion to Dismiss, dated May 31, 2018, ECF No. 23; Memorandum in Support of Town Defs.' Motion to Dismiss, dated May 31, 2018, ECF No. 25. Mr. Burke requested several extensions of time to respond to that motion, but never filed the required opposition. The Court will address that motion in a separate order. The Court notes that the Town Defendants have not, however, moved to dismiss for untimely service.

## II.   LEGAL STANDARD

"Federal Rule of Civil Procedure 4(m) governs both (1) the dismissal of actions for untimely service of process and (2) extensions of the time in which service may be effected." *Zapata v. City of New York*, 502 F.3d 192, 193 (2d Cir. 2007). Rule 4(m) provides that if a defendant is not served within ninety days, the court, "upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

If good cause is found, a court must extend plaintiff's time to serve. *Gerena v. Korb*, 617 F.3d 197, 203 (2d Cir. 2010) ("[O]nce this good cause finding was made, an extension of time to serve was mandatory, not discretionary.") (citations omitted).

In the absence of good cause, a court may still extend the time for service, but such extensions are committed to its discretion. *Zapata*, 502 F.3d at 193 ("We hold that district courts have discretion to grant extensions even in the absence of good cause."); s*ee* Advisory Committee Notes to FED. R. CIV. P. 4(m) (amended Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"); *Henderson v. United States,* 517 U.S. 654, 658 n.5 (1996) (noting that Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.'"). The Second Circuit has further affirmed that district courts have "wide latitude" in exercising this discretion. *Gerena*, 617 F.3d at 201 (citing *Zapata*, 502 F.3d at 196).

### III.  DISCUSSION

Mr. Burke acknowledges he failed to timely serve the Complaint and does not assert good cause for doing so. Pl.'s Opp. to Vision Defs.' Mot. at 3. He moves, however, for the Court to exercise its discretion under Rule 4(m) and extend the deadlines for service on the Vision Defendants and Ms. Dlugosz, *nunc pro tunc*, instead of dismissing his Complaint as to them. *Id.*; Pl.'s Opp. to Dlugosz. Mot. at 3.

In exercising their discretion to extend time for service when good cause is not shown, district courts generally consider the following factors: "'(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" *Britton v. Connecticut*, No. 3:14-cv-133 (MPS), 2016 WL 308774, at *5 (D. Conn. Jan. 25, 2016) (quoting *Morris v. Ford Motor Co.*, No. 07-cv-424S,

2009 WL 2448473, at *3 (W.D.N.Y. Aug. 7, 2009)); *see also* Advisory Committee Notes to FED. R. CIV. P. 4(m).

Mr. Burke claims all four of these factors support the Court granting extensions because: (1) the three-year statute of limitations would prevent him from refiling this case if it were to be dismissed; (2) the Vision Defendants and Ms. Dlugosz had actual notice of the claims prior to being served; (3) the Vision Defendants and Ms. Dlugosz did not try to conceal the defects in service; and (4) the Vision Defendants and Ms. Dlugosz will not be prejudiced if extensions, *nunc pro tunc,* are granted. Pl.'s Opp. to Vision Defs.' Mot. at 3–4; Pl.'s Opp. to Dlugosz Mot. at 3–4.

The Court agrees that the running of the statute of limitations, the Vision Defendants' and Ms. Dlugosz's receipt of actual notice, and the absence of prejudice against the Vision Defendants or Ms. Dlugosz all weigh in favor of granting Mr. Burke's motions for extensions of time to serve. The factor regarding concealing defects of service will not be addressed because Mr. Burke does not claim that Defendants attempted to conceal defects in service. Both the Vision Defendants and Ms. Dlugosz filed their motions to dismiss within twenty days of being served with Plaintiff's summons and Complaint. This factor thus has little bearing on whether the Court should dismiss the Complaint or extend the deadlines and therefore need not be discussed.

### A. Statute of Limitations

Mr. Burke claims that the Court should grant his motions for extensions of time, *nunc pro tunc*, because the three-year statute of limitations[1] of his 42 U.S.C. § 1983 claims would prevent

---

[1] Section 1983 does not establish its own statute of limitations; therefore, federal courts instead "select the state statute of limitations 'most analogous' . . . and 'most appropriate.'" *Hubert v. Dep't of Corr.,* No. 3:17-CV-248 (VAB), 2018 WL 1582511, at *6 (D. Conn. Mar. 30, 2018) (quoting *Owens v. Okure*, 488 U.S. 235, 239

(Continued . . . )

him from refiling this action—even if it were dismissed without prejudice. Pl.'s Opp. to Vision Defs.' Mot. at 3; Pl.'s Opp. to Dlugosz Mot. at 3.

Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis. *See John v. City of Bridgeport*, 309 F.R.D. 149, 156 (D. Conn. 2015) ("The first factor in the four-factor test breaks for the plaintiff if dismissal would result in a time-barred claim[.]"). The rationale for this principle is that dismissal under these circumstances would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits. *Songhorian v. Lee*, No. 11 CIV. 36 CM, 2012 WL 6043283, at *4 (S.D.N.Y. Dec. 3, 2012).

Thus, when the statute of limitations would bar the plaintiff from refiling, the court must carefully weigh the impact that a dismissal or extension would have on the parties. *Zapata,* 502 F.3d at 197. "With respect to the first factor, courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis. Indeed, this factor alone may be sufficient to justify extending the time for service." *Beauvoir v. U.S. Secret Service*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (citations and internal quotation marks omitted); *see also Goldstein v. Laurent*, No. 09 Civ. 2437 (PKC), 2010 WL 4237582, at *4 (S.D.N.Y. Oct. 15, 2010) ("A refusal to extend the service period, and thus a dismissal of the complaint, would in effect be a dismissal with prejudice because the statute of

---

(1989); *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 469 (1975) ("As a general practice, where Congress has created a federal right without prescribing a period for enforcement, the federal courts uniformly borrow the most analogous state statute of limitations.")). The Supreme Court has recognized that "for statute-of-limitations purposes, '§ 1983 claims are best characterized as personal injury actions[.]'" *Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d Cir. 1994) (quoting *Wilson v. Garcia*, 471 U.S. 261, 279 (1985)). Thus § 1983 actions in Connecticut are governed by the statute of limitations for tort claims set out in Connecticut General Statute § 52-577, which provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." CONN. GEN. STAT. § 52-577; *see Meyers v. Kishimoto*, No. 14-cv-535 (CSH), 2015 WL 4041438, at *11 n.15 (D. Conn. July 1, 2015) (applying three-year statute of limitations established in § 52-577 to § 1983 claim).

limitations has run. While this does not automatically create sufficient cause to grant a discretionary extension, it greatly increases the harm of a refusal to grant one.").

Because the statute of limitations would bar Mr. Burke from refiling his § 1983 claims and from deciding this case on the merits, this factor weighs in favor of granting extensions.

**B.     Notice**

A court may consider whether a defendant has actual notice of the action in determining whether to exercise its discretion to extend the time in which the Plaintiff may effect service. *Jordan v. Forfeiture Support Associates*, 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013).

In this case, all Defendants did receive actual notice of the complaint: Mr. Burke effected service on the Vision Defendants on March 30, 2018, and on Ms. Dlugosz on April 3, 2018. *See* ECF No. 7. Although Mr. Burke was late in effecting service, and careless in waiting to follow up with the Court when summons had not been issued after his first request, he has not "blithely flouted the Court's rules." *John,* 309 F.R.D. at 156. Service was forty-four days late, but it occurred.

Because the Vision Defendants and Ms. Dlugosz have received actual notice of this suit, this factor also weighs in favor of granting Plaintiff extensions.

**C.     Prejudice**

Prejudice in this context "involves impairment of [a] defendant's ability to defend on the merits, rather than foregoing . . . a procedural or technical advantage." *Nat'l Union Fire Ins. Co. v. Barney Assoc.*, 130 F.R.D. 291, 294 (S.D.N.Y. 1990) (discussing previous version of Rule 4(m)); *see also AIG Managed Market Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 111 (S.D.N.Y. 2000) ("Interpreting this rule, under which the court may extend the time for service to avoid the bar of limitations, to authorize the court to refuse to extend it so the

defendant may gain the benefit of that bar . . . would be inconsistent with its purpose. Certainly, however, delay in serving a defendant may impair its ability to defend against a claim on the merits.") (collecting cases involving witness or defendant's unavailability as result of delay) (citations, internal quotation marks and alterations omitted); *Consiglio v. Ward Trucking, LLC*, No. 11-cv-6100 (RRM)(VVP), 2012 WL 4498895, at *2 (E.D.N.Y. Sept. 27, 2012) ("While prejudice to a defendant certainly 'arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service,' defendant has not indicated, for example, that with that passage of time, it has lost any opportunity to secure necessary evidence or has otherwise been prejudiced in its ability to defend itself against this lawsuit.") (quoting Zapata, 502 F.3d at 198); *Sanderson v. First Liberty Ins. Co.*, No. 8:16-cv-644, 2017 WL 1403274, at *3 (N.D.N.Y. Apr. 19, 2017) ("[T]he only prejudice identified by First Liberty is that it will be forced to defend the action even though the limitations period has now expired. Other courts have rejected this argument as justification for dismissal in similar circumstances to these.") (citing *Consiglio*, 2012 WL 4498895, at *2 and *Nat'l Union Fire Ins. Co.*, 130 F.R.D. at 294).

At least one court in this District has found that a defendant would not be "seriously prejudiced" by an extension, *nunc pro tunc*, to effect service in a case of a forty-nine day delay, absent other specific evidence of prejudice. *See John,* 309 F.R.D. at 156 ("[I]f defendants have suffered any prejudice from the forty-nine day delay, it is slight. Plaintiff's failure to timely serve defendants delayed the case for less than two months, not for years.").

Here, the forty and forty-four day delays by Plaintiff slowed the proceedings in this action for less than two months, not for years. The Court further notes that both the Vision Defendants and Ms. Dlugosz are currently defending the case on the merits, and raised no

concern during the Court's Rule 26(f) scheduling conference—held after this motion was filed—that the delays in service had impaired their ability to defend on the merits.

Because there is no evidence in the record before the Court that the Vision Defendants or Ms. Dlugosz would suffer any specific prejudice if Mr. Burke's motions for extensions of time is granted, this factor also weighs in favor of granting Mr. Burke extensions.

## IV. CONCLUSION

The Court finds that the balance of the factors weighs in favor of granting Mr. Burke extensions. Thus, for the reasons stated above, the Court exercises its discretion to allow Mr. Burke extensions of time to March 30, 2018 and April 3, 2018, *nunc pro tunc*, to effect service on the Vision Defendants and Ms. Dlugosz, respectively.

The motions to dismiss for untimely service are therefore **DENIED,** and Plaintiff's motions for extensions of time to serve, *nunc pro tunc*, are **GRANTED.**

**SO ORDERED** this 30th day of November, 2018, at Bridgeport, Connecticut.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge